Filed 8/2/16  P. v. Morales CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TONY J. MORALES,<br><br>    Defendant and Appellant. | 2d Crim. No. B270628<br>(Super. Ct. No. VA052814-01)<br>(Los Angeles County) |

Tony J. Morales appeals an order denying his petition for resentencing and reduction of his first degree burglary conviction to a misdemeanor pursuant to Proposition 47, "the Safe Neighborhoods and Schools Act."  (Pen. Code, §§ 459, 1170.18. subds. (a), (f).)[1]

We appointed counsel to represent Morales in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  On June 22, 2016, we advised Morales that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  On July 20, 2016, we received his response contending that the value of property taken during the first degree burglary was less than $950, and that the trial court erred by not holding an evidentiary hearing to determine the value of property taken.

[1] All further statutory references are to the Penal Code.

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Morales's contentions.

*FACTS AND PROCEDURAL HISTORY*

On June 18, 1999, following a court trial, Morales was convicted of first degree burglary. (§ 459.) The trial court also found that Morales suffered two prior serious felony strike convictions. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) As a third-strike offender, the court sentenced Morales to a prison term of 25 years to life, imposed a $200 restitution fine and a $200 parole revocation restitution fine (suspended), and awarded Morales 378 days of presentence custody credit.

On December 31, 2015, Morales, in propria persona, filed a petition for resentencing pursuant to Proposition 47. On January 21, 2016, the trial court denied the petition, stating that first degree burglary is not an eligible offense within section 1170.18. On March 3, 2016, Morales appealed.

*DISCUSSION*

Proposition 47 reduces enumerated theft and drug felony offenses to misdemeanors and also establishes a resentencing mechanism for inmates currently in custody on such offenses. First degree burglary is not among the eligible offenses enumerated in Proposition 47. Thus, the trial court did not err by summarily denying Morales's petition without a hearing.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.



PERREN, J.

2

Margaret M. Bernal, Judge

Superior Court County of Los Angeles

_____


Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintif f and Respondent.